**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-00266-MEH

DANIEL HERRICK,

    Plaintiff,

v.

THE VAIL CORPORATION,

    Defendant.

---

**THE VAIL CORPORATION'S ANSWER AND DEFENSES TO
PLAINTIFF'S COMPLAINT**

---

Defendant, The Vail Corporation ("Vail"), through its undersigned counsel, submits the following Answer and Defenses to Plaintiff's Pro Se Complaint.[1] Any allegations in the Complaint, including any paragraphs, statements, headings and any subheadings that are not expressly admitted herein are denied.

**A.  PLAINTIFF INFORMATION**

    1.    Daniel Herrick, 111 W. Beaver Creek Blvd., #399, Avon, CO 81620.

---

[1] On June 7, 2022, Magistrate Judge Hegarty issued an Order consolidating the allegations in case numbers 22-cv-00266-MEH and 22-cv-00267-MEH and closing Case No. 1:22-cv-000267-MEH for administrative purposes. The Order states that "[t]he closure of the case is without prejudice to the parties' ability to litigate all claims and defenses from it as part of Case. No. 22-cv-00266-MEH." Therefore, Vail is responding to all allegations from Case No. 22-cv-00266-MEH and Case No. 22-cv-00267-MEH (collectively "the Complaint"). The allegations in the Complaint are not organized in numbered paragraphs but Vail has put the combined allegations into numbered paragraphs for ease of reference.  Vail is responding to the allegations in Case No. 1:22-cv-00267 first as the allegations appear to chronologically begin in this matter and continue into Case No. 1:22-cv-00266.

**Answer:** Vail is without knowledge or information sufficient to respond to Plaintiff's allegations regarding Plaintiff Information. To the extent a response is required, Vail denies the allegations contained in Plaintiff Information.

**B.      DEFENDANT INFORMATION**

2.      The Vail Corporation, 390 Interlocken Crescent #100, Broomfield, CO 80021.

**Answer:** Vail admits that its corporate offices are located at 390 Interlocken Crescent #100, Broomfield, CO 80021.

**C.      JURISDICTION**

3.      Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101, et seq. (employment discrimination on the basis of a disability); Retaliation/Adverse Action.

**Answer:** Vail does not contest this Court's jurisdiction.

**D.      STATEMENT OF CLAIM(S)**

**Claim One from Original Case No. 1:22-cv-00267-MEH**

4.      My disability of depression was well known to Vail Resorts management.

**Answer:** Vail denies the allegations in Paragraph 4 of the Complaint.

5.      I called in sick for depression on 1/8/2021 to Lionshead PSS Supervisor, Quintan Niebar, and discussed it briefly that day.

**Answer:** Vail denies the allegations in Paragraph 5 of the Complaint.

6.      And I also discussed my depression with Lionshead PSS Supervisor, Cam, during our official seasonal "One on One, End of Season" performance evaluation on 3/8/2021. Went as far as sharing with Cam that it happened to be a very hard time, as usual this time of year, given the fact that the anniversary of my best friends suicide was just the day before on March 7th.

**Answer:** Vail denies the allegations in Paragraph 6 of the Complaint.

7. Just two days later on 3/10/2021 while working the ticket window at Lionshead Village in Vail I was brutally verbally attacked by a guest.

**Answer:** Vail denies the allegations in Paragraph 7 of the Complaint.

8. The Supervisor on duty at the time, Jackie Capriotti, failed to follow our difficult guest protocols, badly embarrassing me all while letting the unruly, foul mouthed, irate guest leave just 30 seconds before Vail security arrived.

**Answer:** Vail denies the allegations in Paragraph 8 of the Complaint.

9. This in turn exacerbated my already depressed condition.

**Answer:** Vail is without knowledge or information sufficient to respond to the allegations in Paragraph 9 of the Complaint. To the extent a response is required, Vail denies the allegations in Paragraph 9 of the Complaint.

10. I wrote an email to Karen Reeder-Pottratz on 03/10/2021, the night of the abusive incident, shared how it made me feel, how Jackie failed and how that made me feel and asked for two accommodations.

**Answer:** The allegations in Paragraph 10 of the Complaint refer to an email dated March 10, 2021, which is a written document that speaks for itself. Vail denies every allegation in Paragraph 10 inconsistent with that document.

11. First to be transferred to another office ASAP.

**Answer:** The allegations in Paragraph 11 of the Complaint refer to an email dated March 10, 2021, which is a written document that speaks for itself. Vail denies every allegation in Paragraph 11 inconsistent with that document.

12. Second, and only because I agreed to pick up an extra shift in the Lionshead Office the next day, prior to the abusive incident with the guest and Jackie Capriotti's incompetent response to that, I asked that Kareen Reeder-Pottratz communicate my wishes to never work for Jackie Capriotti after this shift and for all managers that day to simply leave me alone to work quietly. Meaning do not approach Dan about the embarrassing, traumatic incident the day before.

**Answer:** The allegations in Paragraph 12 of the Complaint refer to an email dated March 10, 2021, which is a written document that speaks for itself. Vail denies every allegation in Paragraph 12 inconsistent with that document.

13. My accommodations for depression were not communicated, applied, or executed. I was simply terminated two days later over the phone.

**Answer:** Vail admits that it terminated Mr. Herrick's employment. Vail denies the remaining allegations in Paragraph 13 of the Complaint.

14. Karen Reeder-Pottratz simply said "it was an HR panel decision and it was final", but refused to give the HR persons named when asked by me that day.

**Answer:** Vail denies the allegations in Paragraph 14 of the Complaint.

15. I was stonewalled by Karen and Rebecca McDonnel as to the identity of the HR person that made this callous decision.

**Answer:** Vail denies the allegations in Paragraph 15 of the Complaint.

16. No cause was ever given.

**Answer:** Vail denies the allegations in Paragraph 16 of the Complaint.

17. The conduct complained of in this claim involves the following: termination of employment and failure to accommodate disability.

**Answer:** The allegations in Paragraph 17 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Vail denies the allegations in Paragraph 17 of the Complaint.

18. Defendant's conduct was discriminatory because it was based on: disability.

**Answer:** The allegations in Paragraph 18 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Vail denies the allegations in Paragraph 18 of the Complaint.

19. Lionshead PSS Supervisor, Quintan Niebar new [sic] of my depression on 01/08/2021.

**Answer:** Vail denies the allegations in Paragraph 19 of the Complaint.

20. Lionshead PSS Supervisor, Cam, new [sic] of my depression and in great detail on 03/08/2021.

**Answer:** Vail denies the allegations in Paragraph 20 of the Complaint.

21. Lionshead PSS Head Manager, Karen Reeder-Pottratz, new [sic] of my depression, and discussions with Quintan and Cam about my depression, on the day of the abusive incident by the guest on 03/10/2021.

**Answer:** Vail denies the allegations in Paragraph 21 of the Complaint.

22. I asked for two simple accommodations: 1) A transfer to another office. 2) Communicate to all Lionshead Supervisors my wish to be left alone, during the shift I agreed to pick up on 03/11/2021. Neither accommodation was met as I was terminated days later.

**Answer:** Vail denies the allegations in Paragraph 22 of the Complaint.

**Claim One (from Original Case No. 1:22-cv-00266-MEH)**

23.     After being illegally terminated from The Vail Corporation, per the Americans with Disabilities Act and no reasonable accommodations being made for my depression that was well known by my supervisors and management team, The Vail Corporation tried to press criminal charges for simple emails I sent in defense of myself and where I was asking simple questions about my termination and the circumstances of the abusive situation with the guest that lead up to my wrongful and illegal termination.

**Answer:** Vail denies the allegations in Paragraph 23 of the Complaint.

24.     In response to my questions and emails, Vail used local law enforcement to try to harass and intimidate me.

**Answer:** Vail denies the allegations in Paragraph 24 of the Complaint.

25.     They attempted criminal charges against me and failed.

**Answer:** Vail denies the allegations in Paragraph 25 of the Complaint.

26.     On September 11, 2021 I was surrounded by six uniformed officers outside my home and they informed me of a criminal investigation into me and delivered me a letter informing me that "I was banned for life from all Vail Resorts worldwide."

**Answer:** Vail is without knowledge or information sufficient to respond to the allegations in Paragraph 26 of the Complaint. To the extent a response is required, Vail denies the allegations in Paragraph 26 of the Complaint.

27.     Det. Schwartz of the Vail P.D. cleared me of all wrong doing.

**Answer:** Vail is without knowledge or information sufficient to respond to the allegations in Paragraph 27 of the Complaint. To the extent a response is required, Vail denies the allegations

in Paragraph 27 of the Complaint.

28. Despite Det. Schwartz conclusion, Vail Corporation still refuses to lift this retaliatory and unnecessary lifetime ban.

**Answer:** Vail denies the allegations in Paragraph 28 of the Complaint.

29. The conduct complained of in this claim involves retaliation and adverse action.

**Answer:** The allegations in Paragraph 29 are legal conclusions to which no response is required. To the extent a response is required, Vail denies the allegations in Paragraph 29 of the Complaint.

30. Defendant's conduct was discriminatory because it was based on: disability.

**Answer:** The allegations in Paragraph 30 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Vail denies the allegations in Paragraph 30 of the Complaint.

31. On the day of my termination March 16, 2021 Karen Reeder Pottratz gave me no reason for my termination, other than "it was an HR panel decision and it was final." I asked for the HR person names, but was stonewalled.

**Answer:** Vail denies the allegations in Paragraph 31 of the Complaint.

32. On April 1, 2021 I wrote an email to Karen Reeder Pottratz's boss Rebecca McDonnell. She called me and I was again stonewalled again for a reason I was terminated and to the HR person's identity.

**Answer:** Some of the allegations in Paragraph 32 of the Complaint refer to an email dated April 1, 2021, which is a written document that speaks for itself. Vail denies every allegation in Paragraph 32 inconsistent with that document. Vail denies the remaining allegations in Paragraph

32 of the Complaint.

33. On April 2, 2021 I wrote an email to both their bosses, the COO Beth Howard. This email was completely ignored. No response from anyone.

**Answer:** Some of the allegations in Paragraph 33 of the Complaint refer to an email dated April 2, 2021, which is a written document that speaks for itself. Vail denies every allegation in Paragraph 33 inconsistent with that document. Vail denies the remaining allegations in Paragraph 33 of the Complaint.

34. After a period of deepening depression I sent a second email to COO Beth Howard on May 25, 2021 indicating I still was without reasonable explanation as to how I could be terminated under such callous circumstances, needed answers and was struggling with suicidal ideation because of the poor treatment I had received from Vail Resorts. In response, they sent Eagle County Sherriff's officers to my house to intimidate and harass me. I finally got the HR persons [sic] name from the officer, who had Jenn McHose finally call me that day. Jenn gave no good cause as to why I was terminated or how thins [sic] could happen.

**Answer:** Some of the allegations in Paragraph 34 of the Complaint refer an email dated May 25, 2021, which is a written document that speaks for itself. Vail denies every allegation inconsistent with that document. Vail denies the remaining allegations in Paragraph 34 of the Complaint.

35. On September 10, 2021 I sent a final email to Jenn McHose and Beth Howard letting them know that I would live to expose their callous, unkind tactics.

**Answer:** The allegations in Paragraph 35 refer to an email dated September 10, 2021, which is a written document that speaks for itself. Vail denies every allegation in Paragraph 35

inconsistent with that document.

36. On September 11, 2021 I was surround by six uniformed officers and informed of the criminal investigation that was about to happen and was handed the letter informing me that I was banned for life from all Vail Resorts.

**Answer:** Vail is without knowledge or information sufficient to respond to the allegations in Paragraph 36 of the Complaint. To the extent a response is required, Vail denies the allegations in Paragraph 36 of the Complaint.

37. Again, I was cleared of any wrong doing by Vail PD, but Vail did not see fit to lift the lifetime ban.

**Answer:** Vail denies the allegations in Paragraph 37 of the Complaint.

### E.   ADMINISTRATIVE PROCEDURES

38. Plaintiff filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission or other federal or state agency. [Plaintiff attached a copy of a charge of discrimination to the Complaint.]

**Answer:** Vail admits that Plaintiff filed a Charge of Discrimination against Vail. The allegations in Paragraph 38 of the Complaint refer to a Charge of Discrimination, which is a written document that speaks for itself. Vail denies every allegation in Paragraph 38 inconsistent with that document.

39. Plaintiff received a notice of right to sue. [Plaintiff attached a copy of a notice of right to sue to the Complaint].

**Answer:** Vail admits that Plaintiff received a notice of right to sue after the EEOC dismissed Plaintiff's Charge of Discrimination against Vail. The allegations in Paragraph 39 of the

Complaint refer to a notice of right to sue, which is a written document that speaks for itself. Vail denies every allegation in Paragraph 39 inconsistent with that document.

### F. REQUEST FOR RELIEF

40. Due to the callous, blatant disregard shown by Vail Corporation for my disability of depression and my unjust and illegal termination thereafter, I have struggled even more deeply with depression. Including, an uptick in unwanted suicidal ideation and thoughts, stress, anxiety and panic attacks. It has strained all my personal relationships, particularly with my ski loving father. I have also lost a job I loved and lost out financially too. I was working towards a 25 year employee, lifetime ski pass too. In short, my 25 year plan was indecently and illegally robbed from me. And all due to Vail Corporations management team's complete and total failure to make simple accommodations, per my well known disability of depression and in accordance with the Americans with Disabilities Act. I will be looking for appropriate monetary compensation for the illegal treatment, termination, eviction, retaliation, financial losses, pain and suffering.

**Answer:** Vail denies that Plaintiff is entitled to any relief requested.

41. Due to the Retaliation and Adverse Action of a criminal investigation and lifetime ban Vail Corporation took towards me for simply asking questions and standing up for myself, I am asking for monetary compensation.

**Answer:** Vail denies that Plaintiff is entitled to any relief requested.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's allegations fail to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff's claims are barred to the extent that there was no causal connection between the events alleged in the Complaint and any damages that Plaintiff allegedly suffered.

**THIRD DEFENSE**

To the extent that Plaintiff was involved in any improper activities occurring during his employment or failed to properly notice and act upon any such activities, Plaintiff is estopped from recovery for his claims.

**FOURTH DEFENSE**

The damages sustained by Plaintiff, if any, were proximately caused and occasioned by Plaintiff's failure to exercise reasonable efforts to minimize or mitigate the alleged damages.

**FIFTH DEFENSE**

Vail's conduct and actions were at all times undertaken in good faith and in accordance with honestly held business judgment, and without malice, ill-will or discriminatory intent toward the Plaintiff.

**SIXTH DEFENSE**

To the extent Plaintiff has suffered damages, which Vail denies, such damages were caused by the acts or omissions of the Plaintiff himself or some third party, and not by Vail.

**SEVENTH DEFENSE**

To the extent Plaintiff recovers any monies from collateral sources, Vail is entitled to a set-off.

**EIGHTH DEFENSE**

Plaintiff's Complaint is barred by the doctrines of unclear hands, waiver, and estoppel.

## NINTH DEFENSE

Plaintiff's claims are barred if and to the extent they are based on matters that were not included in the underlying Charge of Discrimination or were not otherwise administratively exhausted.

## TENTH DEFENSE

Because the Complaint is couched in broad and conclusory terms, Vail cannot fully anticipate all defenses that may be applicable to the claims alleged. Accordingly, Vail reserves the right to assert additional defenses if and to the extent such defenses are applicable.

**WHEREFORE,** Vail respectfully requests that the Court:

1. Deny the relief Plaintiff seeks against Vail in his Complaint;

2. Dismiss Plaintiff's Complaint against Vail, in its entirety, with prejudice;

3. Award Vail its costs and attorneys' fees incurred in connection with this action; and

4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 21st day of June 2022.

WILLIAMS WEESE PEPPLE & FERGUSON PC

*/s/ Bronwyn H. Pepple*
Bronwyn H. Pepple
Jessica P. Marsh
1801 California Street, Suite 3400
Denver, CO 80202
Telephone: (303) 861-2828
Facsimile: (303) 861-4017
bpepple@williamsweese.com
jmarsh@williamsweese.com

*Attorneys for Defendant The Vail Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of June 2022, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system and served upon the following via the methods listed below:

*<u>Via U.S. Mail and Electronic Mail (courtesy copy)</u>:*

Daniel L. Herrick
111 West Beaver Creek Boulevard, #399
Avon, CO 81620
herrick_dan@yahoo.com

*/s/ Brenda Trujillo*
WILLIAMS WEESE PEPPLE & FERGUSON PC
